**LAW OFFICE OF JASON RABINOVICH, PLLC.**
Jason Rabinovich, Esquire
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Tel: (267) 423-4130
*Attorneys for Plaintiff, Live Face on Web, LLC.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIVE FACE ON WEB, LLC, | Civil Action No: |
| Plaintiff, | **COMPLAINT** |
| v. | JURY TRIAL DEMANDED |
| GREEN TECHNOLOGY SERVICES, INNOVATIVE PAIN MANAGEMENT, LLC, EMERSON CLEANERS, INC., and SUNRISE GO GO CLUB, | |
| Defendants. | |

Plaintiff, Live Face on Web, LLC ("LFOW" or "Plaintiff"), by and through its undersigned counsel, brings the following Complaint against Defendants, GREEN TECHNOLOGY SERVICES, INNOVATIVE PAIN MANAGEMENT, LLC, EMERSON CLEANERS, INC., and SUNRISE GO GO CLUB (hereinafter together referred to as "Defendants"), and avers as follows:

## NATURE OF THE ACTION

1. This is an action for a federal claim of copyright infringement as against the named Defendants.

## THE PARTIES

2. Plaintiff, Live Face on Web, LLC, is a Pennsylvania limited liability company with its principal place of business at 1300 Industrial Boulevard, Suite 212, Southampton, PA 18966.

3. Upon information and belief, Defendant, GREEN TECHNOLOGY SERVICES, is a New Jersey Company with its principal place of business at 14 S Railroad Avenue, Pedricktown, NJ 08067.

4. Upon information and belief, Defendant, INNOVATIVE PAIN MANAGEMENT, LLC, is a New Jersey Limited Liability Company with its principal place of business at 199 Main Street, 2nd Floor, Keansburg, NJ 07734.

5. Upon information and belief, Defendant, EMERSON CLEANERS, INC., is a New Jersey Corporation with its principal place of business at 120 Kinderkamack Rd, Emerson, NJ 07630.

6. Upon information and belief, Defendant, SUNRISE GO GO CLUB, is a New Jersey Company with its principal place of business at 556 Straight Street, Paterson, NJ 07503.

## JURISDICTION AND VENUE

7. This action arising under the U.S. Copyright Act (17 U.S.C. §501 *et seq*.), and thus this Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. As fully set forth herein, Defendants have misused and distributed LFOW's software and/or source code(s) and derivative works thereof, which are the subject of U.S. Copyright Registrations.

9.  This Court has personal jurisdiction over the Defendants because the Defendants have conducted business in, and have had continuous and systematic contacts with the State of New Jersey and this District.

10.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(a) in that a substantial part of the events or omissions giving rise to the claims herein occurred in this District, a substantial part of the property that is the subject of the action is situated in this District, and Defendants are each located in this District.

## FACTUAL ALLEGATIONS

### I.  Plaintiff's Business and Copyrighted Technology

11.  LFOW is a leading developer and owner of "live person" software ("LFOW Software") and video technology for websites (collectively, the "LFOW Technology"), which it licenses to businesses and individuals.

12.  The LFOW Technology allows a company to display a video of a "walking" and "talking" personal host who introduces a website to an online visitor. The personal host is, in effect, a spokesperson for the specific company for whom the video has been created. Typically the spokesperson explains a company's products and/or services and directs a visitor's attention to a particular product or aspect of the website. The LFOW Technology is representative of LFOW's advertising idea; LFOW (and its customers) advertise services and solicit business through the use of a website spokesperson, which is typically tailored to specific products and services found on the associated website.

13.  The LFOW Technology enables a company to customize and dynamically modify settings and functionality of the spokesperson. By way of example, a customer utilizing the LFOW Technology can: (a) manipulate the positioning of the spokesperson on its website

and select between static, relative or dynamic positioning features; (b) adjust the delay between the time an online visitor enters the website and the start time of the spokesperson's presentation; (c) select the number of times a presentation plays for each particular visitor; and (d) select "click on me" functionality that directs a user to a predetermined page or section of the website which promotes goods or services and/or reinforces the image and brand of the customer.

14. The LFOW Technology seeks to enhance a web site by using a real spokesperson to capture, hold and prolong the attention of the average online visitor, enhancing the ability of the website to advertise specific products and services. This technique has a direct positive impact on sales and/or the brand, public image and reputation of any company that has an online presence.

15. When a web browser is directed to a website which has incorporated LFOW Technology, the website distributes a copy of the LFOW Software, which is automatically downloaded by the web browser into cache and/or computer memory and/or hard drive, allowing the launch of the specified video using the LFOW Software. As a result, every time a website with LFOW's Software is visited, a copy of LFOW's Software is distributed to the website visitor.

16. Because the LFOW Software is written in JavaScript, it is possible to view the actual source code of the LFOW Software through a web browser. Anyone who accesses a website that has implemented LFOW's Technology has access to the LFOW Software. Additionally, any website visitor can download the LFOW Software and view it on virtually any text viewer or editor software (such as Word®, Notepad, etc.).

17. The LFOW Technology, the spokesperson's video presentation created by

LFOW, and other components are licensed by LFOW to a customer in a "package" (each being a "LFOW Software Package") for a license fee. LFOW also receives fees for other services.

18.     Specifically, each LFOW Software Package consists of three parts: (a) the video presentation of the spokesperson, which is typically created and owned by LFOW and protectable under, inter alia, U.S. copyright law; (b) the LFOW Software, comprised of LFOW JavaScript, which is also a copyrighted work, duly registered with the U.S. Copyright Office, is owned by LFOW and on which LFOW has spent considerable time, effort and money to develop and market; and (c) the LFOW video player, which itself is a copyrighted work created and owned by LFOW ("LFOW Video Player").

19.     LFOW has registered each version of the LFOW Software. Pertinent to this action, on December 20, 2007, LFOW duly registered the copyright in the LFOW Software versions 6.0.3 (TXu001610432) and 7.0.0 (TXu001610441) in the United States Copyright Office, as evidenced by the certificate of registration issued by the Register of Copyrights which are attached herewith as Exhibits A and B. LFOW duly registered the copyright in LFOW Software version 10.0.0 on October 1, 2012 (Tx 7-605-244), which is attached as Exhibit C.

## II.     Defendants' Copyright Infringement

### a) Innovative Pain Management, LLC.

20.     Innovative Pain Management, LLC is a New Jersey Company that owns and/or operates and/or controls the website http://jerseypaindoctor.com.

21.     Upon information and belief, the website of Innovative Pain Management, LLC has operated using an unlawful version of LFOW's Software.

22. Innovative Pain Management, LLC's copyright infringement of LFOW's Software is in its advertising, and was used to advertise its product(s) and/or service(s).

23. In the subject advertisement(s) on Defendant's website, Defendant through its spokesperson advertises, *inter alia*, how great Defendant and/or its product(s) and/or service(s) are and strongly encourages the end user customers to purchase and/or use Defendant's product(s) and/or service(s).

24. The Copyrighted LFOW Software Package was a powerful sales and advertising tool for Defendant to generate revenues and profits and, upon information and belief, the use and misuse of the LFOW Software by Defendant did in fact generate significant revenues and profits for Defendant, as more fully described below.

25. In order to present the subject advertisement on Defendant's website, Defendant used and distributed without permission, and therefore infringed upon, the subject Copyrighted LFOW Software Package.

26. Since the date it first began using LFOW's Software package(s), Defendant has continuously infringed upon and distributed the subject Copyrighted LFOW Software Package, including up through the date of the filing of this Complaint.

27. Defendant unlawfully and continuously used the subject Copyrighted LFOW Software Package on unauthorized Web Page(s) for which Defendant did not pay applicable fees to LFOW (collectively, the "Unauthorized Web Pages").

28. The unlawful use, creation, reproduction and/or distribution of the Subject LFOW Software Package on the Defendant's website constitutes infringement of LFOW's intellectual property rights, including, without limitation, LFOW's registered copyrighted material(s).

29. As the owner of registered copyrighted material in the subject LFOW Software Package, LFOW has an interest in protecting its rights against such intellectual property infringement.

30. As a result of foregoing conduct of Defendant, LFOW has suffered significant harm and loss.

31. Each visitor to Innovative Pain Management, LLC's website is also distributed a copy of the subject Copyrighted LFOW Software Package, which constitutes a separate act of continuing infringement.

**b) Emerson Cleaners, Inc.**

32. Emerson Cleaners, Inc is a New Jersey corporation that owns and/or operates and/or controls the website http://emersoncleaners.com.

33. Upon information and belief, the website of Emerson Cleaners, Inc has operated using an unlawful version of LFOW's Software.

34. Emerson Cleaners, Inc 's copyright infringement of LFOW's Software is in its advertising, and was used to advertise its product(s) and/or service(s).

35. In the subject advertisement(s) on Defendant's website, Defendant through its spokesperson advertises, *inter alia*, how great Defendant and/or its product(s) and/or service(s) are and strongly encourages the end user customers to purchase and/or use Defendant's product(s) and/or service(s).

36. The Copyrighted LFOW Software Package was a powerful sales and advertising tool for Defendant to generate revenues and profits and, upon information and belief, the use and misuse of the LFOW Software by Defendant did in fact generate significant revenues and profits for Defendant, as more fully described below.

37. In order to present the subject advertisement on Defendant's website, Defendant used and distributed without permission, and therefore infringed upon, the subject Copyrighted LFOW Software Package.

38. Since the date it first began using LFOW's Software package(s), Defendant has continuously infringed upon and distributed the subject Copyrighted LFOW Software Package, including up through the date of the filing of this Complaint.

39. Defendant unlawfully and continuously used the subject Copyrighted LFOW Software Package on unauthorized Web Page(s) for which Defendant did not pay applicable fees to LFOW (collectively, the "Unauthorized Web Pages").

40. The unlawful use, creation, reproduction and/or distribution of the subject LFOW Software Package on the Defendant's website constitutes infringement of LFOW's intellectual property rights, including, without limitation, LFOW's registered copyrighted material(s).

41. As the owner of registered copyright material in the Subject LFOW Software Package, LFOW has an interest in protecting its rights against such intellectual property infringement.

42. As a result of foregoing conduct of Defendant, LFOW has suffered significant harm and loss.

43. Each visitor to Emerson Cleaners, Inc 's website is also distributed a copy of the subject LFOW Software Package, which constitutes a separate act of continuing infringement.

**c) Green Technology Services**

44. Green Technology Services is a New Jersey Company that owns and/or

operates and/or controls the website http://mypceagleeye.com.

45. Upon information and belief, the website of Green Technology Services has operated using an unlawful version of LFOW's Software.

46. Green Technology Services' copyright infringement of LFOW's Software is in its advertising, and was used to advertise its product(s) and/or service(s).

47. In the subject advertisement(s) on Defendant's website, Defendant through its spokesperson advertises, *inter alia*, how great Defendant and/or its product(s) and/or service(s) are and strongly encourages the end user customers to purchase and/or use Defendant's product(s) and/or service(s).

48. The Copyrighted LFOW Software Package was a powerful sales and advertising tool for Defendant to generate revenues and profits and, upon information and belief, the use and misuse of the LFOW Software by Defendant did in fact generate significant revenues and profits for Defendant, as more fully described below.

49. In order to present the subject advertisement on Defendant's website, Defendant used and distributed without permission, and therefore infringed upon, the subject Copyrighted LFOW Software Package.

50. Since the date it first began using LFOW's Software package(s), Defendant has continuously infringed upon and distributed the subject Copyrighted LFOW Software Package, including up through the date of the filing of this Complaint.

51. Defendant unlawfully and continuously used the subject Copyrighted LFOW Software Package on unauthorized Web Page(s) for which Defendant did not pay applicable fees to LFOW (collectively, the "Unauthorized Web Pages").

52. The unlawful use, creation, reproduction and/or distribution of the Subject

LFOW Software Package on the Defendant's website constitutes infringement of LFOW's intellectual property rights, including, without limitation, LFOW's registered copyrighted material(s).

53. As the owner of registered copyright material in the Subject LFOW Software Package, LFOW has an interest in protecting its rights against such intellectual property infringement.

54. As a result of foregoing conduct of Defendant, LFOW has suffered significant harm and loss.

55. Each visitor to Green Technology Services' website is also distributed a copy of the subject LFOW Software Package, which constitutes a separate act of continuing infringement.

**d) Sunrise Go Go Club**

56. Sunrise Go Go Club is a New Jersey Company that owns and/or operates and/or controls the website http://sunrisegogo.com.

57. Upon information and belief, the website of Sunrise Go Go Club has operated using an unlawful version of LFOW's Software.

58. Sunrise Go Go Club's copyright infringement of LFOW's Software is in its advertising, and was used to advertise its product(s) and/or service(s).

59. In the subject advertisement(s) on Defendant's website, Defendant through its spokesperson advertises, *inter alia*, how great Defendant and/or its product(s) and/or service(s) are and strongly encourages the end user customers to purchase and/or use Defendant's product(s) and/or service(s).

60. The Copyrighted LFOW Software Package was a powerful sales and

advertising tool for Defendant to generate revenues and profits and, upon information and belief, the use and misuse of the LFOW Software by Defendant did in fact generate significant revenues and profits for Defendant, as more fully described below.

61. In order to present the subject advertisement on Defendant's website, Defendant used and distributed without permission, and therefore infringed upon, the subject copyrighted LFOW Software Package.

62. Since the date it first began using LFOW's Software package(s), Defendant has continuously infringed upon and distributed the subject Copyrighted LFOW Software Package, including up through the date of the filing of this Complaint.

63. Defendant unlawfully and continuously used the subject Copyrighted LFOW Software Package on unauthorized Web Page(s) for which Defendant did not pay applicable fees to LFOW (collectively, the "Unauthorized Web Pages").

64. The unlawful use, creation, reproduction and/or distribution of the Subject LFOW Software Package on the Defendant's website constitutes infringement of LFOW's intellectual property rights, including, without limitation, LFOW's registered copyrighted material(s).

65. As the owner of registered copyright material in the Subject LFOW Software Package, LFOW has an interest in protecting its rights against such intellectual property infringement.

66. As a result of foregoing conduct of Defendant, LFOW has suffered significant harm and loss.

67. Each visitor to Sunrise Go Go Club's website is also distributed a copy of the subject LFOW Software Package, which constitutes a new and separate act of infringement.

### III. Defendants' Distribution of Plaintiff's Copyright to Third Parties

68. Each time a website visitor (e.g. Defendant's customers, agents, or website visitors) visited each Defendant's website(s), the subject LFOW Software Package was downloaded into the visitor's internet cache and/or computer memory and/or hard drive. Thus, each Defendant has infringed upon the subject LFOW Software Package by unlawfully distributing said LFOW Software Package to each website visitor.

69. Upon information and belief, each Defendant's website was visited, and therefore distributed the subject copyrighted LFOW Software Package to end users (e.g. Defendant's customers, agents, or website visitors) numerous times. The actual number can only be ascertained through discovery.

70. Each time a third party visited each Defendant's website(s) and viewed the Defendants' video advertisement(s) which is/are enabled by the subject copyrighted LFOW Software Package, a new and separate act of copyright infringement occurred.

71. Defendants have caused, enabled, facilitated, and/or materially contributed to the infringement by, *inter alia*, distributing the subject copyrighted LFOW Software Package to each visitor via the Defendants' website(s) and refuse(d) to exercise their ability to stop the infringement made possible by the continuous operation of their website(s).

72. As the owner of the registered copyright in the subject copyrighted LFOW Software Package, Plaintiff has an interest in protecting its rights against such copyright infringement.

73. Under the authority of 17 U.S.C. § 504, Plaintiff is entitled to recover statutory damages against all Defendants for each act of copyright infringement.

## COUNT ONE
### Copyright Infringement

74. Plaintiff incorporates by reference the averments contained in the preceding paragraphs above, as if set forth fully herein.

75. Count One is an action under 17 U.S.C. § 501 for direct and indirect infringement of registered copyright(s) as against all Defendants named in this Complaint.

76. LFOW is the owner of valid copyright registrations TXu001610432, TXu001610441, and Tx 7-605-244.

77. LFOW has complied in all respects with the provisions of the Copyright Act, 17 U.S.C. §§ 101 et seq., and all other laws governing copyright to secure the exclusive rights and privileges in and to the copyrights of the items identified herein.

78. The past and ongoing use and distribution of the Copyrighted LFOW Software Package by Defendants result in actual damage to LFOW, including but not limited to the loss of licensing revenue, the profits on sales lost as a result of Defendants' infringement, and the diminution of the value of LFOW's rights.

79. Unless Defendants are restrained and enjoined from their unauthorized use and distribution of the Copyrighted LFOW Software Package, these injuries will continue to occur.

80. Irreparable harm and injury to LFOW are imminent as a result of Defendants' conduct and LFOW is without an adequate remedy at law.

81. Pursuant to 17 U.S.C. § 502(a), LFOW is entitled to an injunction restraining Defendants, their employees and agents, and all other persons acting in concert with them, from engaging in any further improper acts.

82. Pursuant to 17 U.S.C. §§ 503(a) and 503(b), LFOW is entitled to an order

impounding the infringing articles and the means by which such infringing articles were produced and/or reproduced.

83. Pursuant to 17 U.S.C. § 504, LFOW is also entitled to recover actual damages and any profits of Defendants, or, alternatively, to recover statutory damages of $150,000 for each work infringed.

84. Pursuant to 17 U.S.C. § 505, LFOW is entitled to an award of attorneys' fees and costs.

WHEREFORE, LFOW asks this Court to enter preliminary and final orders and judgments as necessary to provide LFOW the following requested relief:

a) Finding Defendants liable for copyright infringement by virtue of Defendants' past and ongoing unauthorized use of LFOW's Software;

b) Finding Defendants' copyright infringement to be voluntary and an intentional violation of Defendants' known duties, and therefore willful;

c) Finding LFOW to have suffered, and to continue suffering harm that is irreparable and otherwise without an adequate remedy at law;

d) A permanent injunction under 17 U.S.C. §§502 and 503, enjoining Defendants from further infringement, including but not limited to the cessation of operation of Defendants' website(s);

e) An award of damages against Defendants under §504;

f) An award under 17 U.S.C. § 505 allowing recover of the full costs of this action, including LFOW's reasonable attorneys' fees and costs; and

g) Such and other relief as the Court deems appropriate.

**JURY DEMAND**

Plaintiff hereby respectfully demands a trial by jury on all issues so triable.

                                         Respectfully submitted,
                                         **Law Offices of Jason Rabinovich, PLLC.**

                                         By:\_\_\_/s/ Jason Rabinovich, Esq._____
                                         Jason Rabinovich, Esq.
                                         1700 Market Street, Suite 1005
                                         Philadelphia, PA 19107
                                         Tel: (267) 423-4130
                                         Fax: (610) 862-3764
                                         Email: JasonRabinovich@jasonrabinovichlaw.com

                                         *Attorneys for Plaintiff, Live Face on Web, LLC.*

Dated: January 10, 2014