[Doc. Nos. 36, 42, 44, 46, 47, 48, 51]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LIVE FACE ON WEB, LLC,<br><br>         Plaintiff,<br><br>    v.<br><br>GREEN TECHNOLOGY SERVICES,<br>INNOVATIVE PAIN MANAGEMENT,<br>LLC, EMERSON CLEANERS, INC.,<br>and SUNRISE GO GO CLUB,<br><br>         Defendants. | Civil No. 14-182 (JEI/AMD) |

### MEMORANDUM OPINION AND ORDER

Presently before the Court is a case in which Plaintiff attempts to litigate in a single action alleged infringement claims against multiple unrelated Defendants. Aside from the singular assertion that all Defendants have purportedly infringed Plaintiff's copyright in the same manner, Plaintiff does not allege a common nucleus of fact or any other link between the otherwise distinct claims. For the reasons set forth herein, the Court finds that joinder of all Defendants in this action contravenes Federal Rule of Civil Procedure 20(a)(2).

In its complaint arising under the United States Copyright Act, 17 U.S.C. §§ 107-118, Plaintiff Live Face on Web, LLC (hereinafter, "Plaintiff") generally alleges that each

Defendant has unlawfully utilized, created, reproduced, and/or distributed Plaintiff's registered copyright materials—specifically, its "'live person'" and "video technology" software for websites. (First Amended Complaint [Doc. No. 24], ¶¶ 11, 66.) Plaintiff describes this software as a platform which enables a company to "enhance" its online branding and advertising by directing "a visitor's attention" to specific online items through the use of "a 'walking' and 'talking' personal host[.]" (Id. at ¶¶ 12-14.) Plaintiff individually alleges—in near-identical fashion—that Defendants "use[d] and distribute[d]" this work without permission, and specifically, enabled online visitors to access, view, and download Plaintiff's copyright protected source code. (Id. at ¶¶ 15-16, 25, 39, 51, 63.)

The Court conducted an initial scheduling conference on March 18, 2014, at which time the Court inquired of the parties concerning the propriety of joinder in this action. By Order dated March 18, 2014, the Court directed Plaintiff to show cause on April 17, 2014 why the Court "should not sever all Defendants other than Green Technology Services, with leave to file a separate action for each Defendant upon payment of the requisite filing fee." (Order to Show Cause [Doc. No. 36], Mar. 18, 2014, 2.) The parties filed submissions in accordance with the Court's March 18, 2014 Order and the Court conducted a

hearing on April 7, 2014, and then reserved decision concerning severance.

Plaintiff's submission in response to the Court's Order to Show Cause in essence concedes the absence of a common transaction or occurrence with respect to all Defendants. (See generally Plaintiff's Response to Order to Show Cause [Doc. No. 42], 3 on the docket ("Instead of severance, Plaintiff suggests that separate trials pursuant to *Fed. R. Civ. P.* 42 are more appropriate in this action.").) Notably, Plaintiff alleges that "all Defendants infringed on the *same* copyrighted source code(s) on their respective websites" as a result of their transactions with a nonparty, Tweople, Inc. (hereinafter, "Tweople"). (Id. (emphasis added).) Notwithstanding the distinct nature of the individual transactions, Plaintiff asserts that Tweople's purported involvement constitutes a common thread sufficient for this action to proceed as one matter. (Id. at 4 on the docket.) Plaintiff further alleges that Plaintiff's infringement claims rest upon identical "legal theories and issues" with respect to each Defendant. (Id.) Plaintiff therefore asserts that the commonality of issues and the efficiency derived from joinder suffice for the purpose of Federal Rule of Civil Procedure 20(a)(2).

Defendant Emerson, Inc. d/b/a Emerson Cleaners (hereinafter, "Emerson") asserts that the Court should sever

3

this action because Plaintiff fails to allege facts sufficient to support joinder. (Defendant Emerson Cleaners' Reply to Plaintiff's Response to Order to Show Cause Regarding Severance [Doc. No. 44], 3.) Emerson specifically asserts that "Defendants' individual relations with Tweople" fail to constitute "a 'series of transactions or occurrences'" in accordance with Federal Rule of Civil Procedure 20(a)(2). (Id.) Rather, Emerson contends that Plaintiff sets forth little more than "unrelated" allegations because Plaintiff's amended complaint neither references "any individual Defendant's relationship with Tweople" nor asserts "any relationship between any two or more Defendants."[1] (Id. at 4-5.) Emerson further asserts that commonality of cause of action—here, copyright infringement—fails, without more, to permit joinder. (Id. at 6.) Emerson therefore asserts that this action should be severed pursuant to Federal Rules of Civil Procedure 20 and 21.[2]

---

[1] Emerson also asserts that, as set forth on the record on March 18, 2014, that one of the Defendants contracted with a third party vendor other than Tweople. (Id. at 5 n.4.) Emerson asserts that this fact underscores the appropriateness of severance because it demonstrates that each Defendant's defense will proceed independently and in accordance with a "distinct set of facts." (Id.)

[2] Defendants Innovative Pain Management, LLC and Sunrise Go Go Club similarly assert that the nature of this action renders severance appropriate for the reasons set forth in Emerson's submission. (See Letter re Order to Show Cause [Doc. No. 46], 1 ("It is Sunrise's position that this action should be severed pursuant to Fed.R.Civ.P. 20(a)(2) for the reasons articulated in the papers submitted by Defendant, Emerson Cleaners."); Brief *in*

Defendant Unlimited Office Solutions, LLC d/b/a Green Technology Services (hereinafter, "Green Technology") similarly disputes the propriety of joinder because Plaintiff neither alleges concerted activity by Defendants nor "any common relationships between any parties to this litigation." (Defendant Unlimited Office Solutions, LLC d/b/a Green Technology Services, Inc.'s Memorandum of Law in Response to the Court's Order to Show Cause [Doc. No. 47], 6.)  Green Technology further asserts that the few facts alleged in this action dictate that "the four [D]efendants purchased the allegedly infringing software from a third party at different times and in separate distinct transactions." (Id. at 6-7.) Green Technology therefore asserts that "too few facts" connect Defendants and that the Court should find joinder inappropriate, particularly in light of the individualized and unique nature of the "claims and defenses" likely to be asserted by each Defendant. (Id. at 7.)

Federal Rule of Civil Procedure 20(a)(2) governs the permissive joinder[3] of defendants in civil actions and provides,

---

Response to Order to Show Cause [Doc. No. 48] ("It is Defendant IPM's position that this action should be severed pursuant to Fed. R. Civ. P. 20(a)(2) for the reasons set forth in Defendant Emerson Cleaners' Reply to Plaintiff's Response to Order to Show Cause Regarding Severance.").)
[3] Plaintiff does not allege in this action that Federal Rule of Civil Procedure 19 compels the required joinder of Defendants.

in relevant part, that joinder of multiple defendants in one action may be appropriate if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" *and* if "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2)(A)-(B). "Under Federal Rule of Civil Procedure 21, misjoinder does not serve as a ground for dismissal of an action; rather, '[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.'"[4] Dragon Quest Prods., LLC, 2013 WL 2949407, at *2 (quoting FED. R. CIV. P. 21).

---

See FED. R. CIV. P. 19 (setting forth the circumstances under which a party, if feasible, must be joined).

[4] The effect of either measure in order to redress misjoinder differs greatly. "When a court 'drops' a defendant under Rule 21, that defendant is dismissed from the case without prejudice." Dragon Quest Prods., LLC v. John Does 1-100, Nos. 12-6611, 12-6633, 13-482, 13-483, 13-484, 13-485, 13-486, 13-487, 2013 WL 2949407, at *2 n.6 (D.N.J. June 14, 2013) (quoting Publicker Indus., Inc. v. Roman Ceramics Corp., 603 F.2d 1065, 1068 (3d Cir. 1979); citing Elmore v. Henderson, 227 F.3d 1009, 1011-12 (7th Cir. 2000) (Posner, J.)). Such measure, however, fails to toll the statute of limitations because the initial complaint is construed "'as if it never existed.'" Dragon Quest Prods., LLC, 2013 WL 2949407, at *2 n.6 (quoting Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005) (internal quotation marks omitted)). Severance, by contrast, permits the suit to "continue[] against the severed defendant in another guise." Dragon Quest Prods., LLC, 2013 WL 2949407, at *2 n.6 (citing White v. ABCO Eng'g Corp., 199 F.3d 140, 145 n.6 (3d Cir. 1999); Elmore, 227 F.3d at 1012). Severance holds in abeyance the applicable statute of limitations, provided that the initial complaint fell within the limitations period. See DirecTV, Inc.

In evaluating the propriety of joinder, "'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" Dragon Quest Prods., LLC, 2013 WL 2949407, at *3 (quoting Hagan v. Rogers, 570 F.3d 146, 153 (3d Cir. 2009) (citation omitted)). Joinder therefore permits "'all reasonably related claims for relief by or against different parties to be tried in a single proceeding[,]'" without requiring absolute identity of all events. Dragon Quest Prods., LLC, 2013 WL 2949407, at *3 (quoting Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974). Notwithstanding the liberality afforded the construction of permissive joinder, Federal Rule of Civil Procedure 20(a)(2) provides no license "to join unrelated claims and defendants in one lawsuit." Bavendam v. Pearson Educ., Inc., Nos. 13-3096, 13-3176, 13-3318, 13-3319, 13-3320, 2013 WL

---

v. Leto, 467 F.3d 842, 845 (3d Cir. 2006) (noting that severance pursuant to Federal Rule of Civil Procedure 21 holds the statute of limitations "in abeyance"). For the reasons set forth herein, the Court shall sever Plaintiff's claims, while permitting such claims to continue, "albeit 'in another guise.'" Dragon Quest Prods., LLC, 2013 WL 2949407, at *2 n.6 (citation omitted). The Court therefore finds this issue to be nondispositive, obviating the need for the Court to issue a report and recommendation. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(a); see also Dragon Quest Prods., LLC, 2013 WL 2949407, at *2 n.6 (finding severance "non dispositive"); Third Degree Films v. Does 1-36, No. 11-15200, 2012 WL 2522151, at *1 n.1 (E.D. Mich. May 29, 2012) (citing several cases and finding a motion to sever non-dispositive).

5530008, at *2 (D.N.J. Oct. 3, 2013) (citing Pruden v. SCI Camp Hill, 252 F. App'x 436 (3d Cir. 2007)). In other words, "[a] buckshot complaint ...—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The ultimate resolution of whether to permit joinder "'rests within the sound discretion of the court, who must determine whether the proposed joinder comport[s] with the principles of fundamental fairness.'" Dragon Quest Prods., LLC, 2013 WL 2949407, at *3 (quoting Malibu Media, LLC v. John Does No. 1-30, No. 12-3896, 2012 WL 6203697, at *8 (D.N.J. Dec. 12, 2012) (quoting N.J. Mach., Inc. v. Alford Indus., Inc., No. 89-1879, 1991 WL 340196, at *1 (D.N.J. Oct. 7, 1991))).

Courts in the patent infringement context have concluded "'that a party fails to satisfy Rule 20(a)'s requirement of a common transaction or occurrence where unrelated defendants, based on different acts, are alleged to have infringed the same patent.'" Body Science LLC v. Boston Scientific Corp., 846 F. Supp. 2d 980, 987 (N.D. Ill. 2012) (citing a litany of cases for the proposition that allegations of infringement against unrelated parties based upon different acts do not arise out of the same transaction for the purposes of Federal Rule of Civil Procedure 20(a)). Indeed, the

"authority from other courts provides that allegations against multiple and unrelated defendants for acts of patent, trademark, and copyright infringement do not support joinder under Rule 20(a)." Golden Scorpio Corp. v. Steel Horse Bar & Grill, 596 F. Supp. 2d 1282, 1285 (D. Ariz. 2009) (finding joinder of plaintiff's infringement, unfair competition, and dilution claims against one defendant improper where plaintiff premised the claims on acts "separate and distinct from the allegedly improper acts of any of the other defendants"); see also Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 564 F. Supp. 1358, 1371 (D. Del. 1983) ("Allegations of infringement against two unrelated parties based on different acts do not arise from the same transaction.") (citations omitted). Similarly, in the context of copyright infringement related to the use of BitTorrent protocol, this Court concluded that a connection by way of "the same initial seed file" failed to establish a transactional relationship sufficient for the purposes of Federal Rule of Civil Procedure 20(a)(2). Dragon Quest Prods., LLC, 2013 WL 2949407, at *6; but see Malibu Media, LLC, 2012 WL 6203697, at *8 (finding that defendants' participation in the "'swarm'" arising out of the same initial seed filed sufficed to constitute the same series of transactions or occurrences, and permitting joinder).

9

These lines of cases illustrate the fundamental flaw with respect to Plaintiff's joinder: Plaintiff seeks to join in this single action *unrelated* Defendants, who purportedly committed copyright infringement through *independent* acts, at *different* times and locations, and through *distinct* transactions. These allegations are weakly bound only by the commonality of Plaintiff, the asserted identity of legal claims, and Tweople's alleged involvement with respect to *certain* Defendants. However, identity of infringement and commonality of legal violation fail, without more, to demonstrate circumstances sufficient to warrant permissive joinder under Federal Rule of Civil Procedure 20, particularly where, as here, Plaintiff asserts no right to relief against Defendants jointly or severally. See <u>SB Designs v. Reebok Int'l, Ltd.</u>, 305 F. Supp. 2d 888, 892 (N.D. Ill. 2004) ("The fact that the defendants allegedly violated the same trademark does not mean that plaintiffs' claims against them arise out of the same transaction or occurrence.") (citations omitted). Defendants Green Technology, Innovative Pain Management, Emerson Cleaners, and Sunrise Go Go Club are distinct business entities without discernible overlap concerning their businesses. Plaintiff's complaint is devoid of allegations concerning any relationship between these *independent* Defendants and their *independent* acts of alleged infringement, and Plaintiff has made no attempt to

10

demonstrate that Plaintiff's right to relief arises from the *same* transaction. (See generally First Amended Complaint [Doc. No. 24].) The Court therefore finds that the commonality of substantive cause of action—based upon the assertion that Defendants' purchase of source code from Tweople violated Plaintiff's copyright—fails to satisfy the same transaction or occurrence requirement of Federal Rule of Civil Procedure 20(a). See Pergo, Inc. v. Alloc, Inc., 262 F. Supp. 2d 122, 128 (S.D.N.Y. 2003) (finding that competitors alleged to have infringed the same patent could not be joined as defendants in a single action); N.J. Mach., Inc., 1991 WL 340196, at *1 ("In short, claims of infringement against unrelated defendants, involving different machines, should be tried separately against each defendant."). The presence of a similar nonparty—here, Tweople—fails to demonstrate the transactionally-related nature of Plaintiff's claims against Defendants. Notably, Plaintiff alleges neither a single contractual relationship between Defendants and Tweople nor any other facts sufficient to demonstrate the requisite linkage among Defendants.[5] Moreover, even to the extent these independent transactions bear some marginal relation, the Court concludes that Plaintiff has failed to establish "the same transaction, occurrence, or series of

---

[5] Moreover, as set forth supra, at least one Defendant obtained the allegedly infringing source code from a vendor other than Tweople.

11

transactions or occurrences" required by Federal Rule of Civil Procedure 20(a). F__ED__. R. C__IV__. P. 20(a)(2)(A); see also Ross v. Meagan, 638 F.2d 646, 650 n.5 (3d Cir. 1981) (noting that "similar" transactions fail to constitute the "same" transaction); In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig., 294 F. Supp. 2d 667, 678 (E.D. Pa. 2003) (citing the substantively identical State of Georgia permissive joinder statute for the proposition that joinder requires claims to arise out of the same, rather than merely a similar, transaction or occurrence) (citation omitted). Consequently, the Court finds joinder under Federal Rule of Civil Procedure 20(a)(2) improper in this action.[6]

The Court further rejects Plaintiff's assertion concerning the alleged judicial efficiency derived from permitting Defendants' joinder.[7] (See Plaintiff's Response to Order to Show Cause [Doc. No. 42], 6 on the docket.) Rather, in light of the unique factual and legal defenses to be asserted in this action, the Court shall sever all Defendants other than

---

[6] Having concluded that Plaintiff failed to satisfy Federal Rule of Civil Procedure 20(a)(2)(A), the Court need not address the requirements set forth in Federal Rule of Civil Procedure 20(a)(2)(B).

[7] Moreover, to the extent Plaintiff asserts that "having one judge decide the complex legal issues of this action would prevent contradictory rulings and promote judicial efficiency[,]" Local Civil Rule 40.1(c) provides the mechanism by which Plaintiff may request these separate actions be assigned to the same Judge. (Plaintiff's Response to Order to Show Cause [Doc. No. 42], 6 on the docket.)


Emerson,[8] without prejudice to Plaintiff's right to file a separate action against the other Defendants upon payment of the requisite filing fee. Consequently, for the reasons set forth herein, and for good cause shown:

    IT IS on this 27th day of May 2014,

    **ORDERED** that the claims with respect to all Defendants in this action shall be, and hereby are, severed; and it is further

    **ORDERED** that this action shall proceed against Defendant Emerson Cleaners, Inc. **only**; and it is further

    **ORDERED** that the claims against the other Defendants shall proceed under a separate action for each Defendant, each case with its own unique civil action number, upon payment by

---

[8] Although the Court's March 18, 2014 Order to Show Cause directed Plaintiff to show cause why "all Defendants other than Green Technology Services" should not be severed, the Court notes that both Emerson and Green Technology have filed pending motions. (See Memorandum of Law in Support of Motion by Defendant Emerson Cleaners to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. No. 30-1]; Memorandum of Law in Support of Motion by Defendant Emerson Cleaners to Require Plaintiff to Post Bond for Costs and Expenses [Doc. No. 35-1]; see also Defendant Unlimited Office Solutions, LLC d/b/a Green Technology Services, Inc.'s Notice of Motion to Dismiss [Doc. No. 51].) In light of the fact that Emerson filed its pending motions to dismiss and for bond prior to Green Technology's pending motion for judgment on pleadings, the Court shall instead sever all parties other than Emerson, without prejudice to Green Technology's right to refile its motion under Green Technology's unique civil action upon payment by Plaintiff of the requisite filing fee.

Plaintiff of the requisite filing fee for each action; and it is further

**ORDERED** that Green Technology's motion for judgment on pleadings [Doc. No. 51] shall be, and hereby is, **DISMISSED WITHOUT PREJUDICE**, with the right to refile under Green Technology's unique civil action in the event Plaintiff files a complaint against Green Technology and pays the requisite filing fee.

```
                              s/ Ann Marie Donio
                              ANN MARIE DONIO
                              UNITED STATES MAGISTRATE JUDGE
```

cc: Hon. Joseph E. Irenas