UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIVE FACE ON WEB, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>EMERSON CLEANERS, INC.,<br><br>          Defendant. | HONORABLE JOSEPH E. IRENAS<br><br>Civil No. 14-00182 (JEI/AMD)<br><br>**OPINION** |

**APPEARANCES:**

LAW OFFICE OF JASON RABINOVICH, PLLC
By:  Jason L. Rabinovich, Esq.
1700 Market Street
Suite 1005
Philadelphia, PA 19103
          Counsel for Plaintiff

BAKOS & KRITZER
By:  Noam J. Kritzer, Esq.
147 Columbia Turnpike
Florham Park, NJ 07932
          Counsel for Defendant


**IRENAS,** Senior United States District Judge:

     Pending before the Court is Defendant Emerson Cleaners, Inc.'s ("Emerson") Motion to Require Plaintiff Live Face on Web, LLC ("LFOW") to Post Bond for Costs and Expenses, in the amount of $50,000.  For the reasons set forth below, the Motion will be denied without prejudice.

1

**I.**

Plaintiff LFOW is a Pennsylvania limited liability company that owns and develops software and video technology, which it licenses to individuals and businesses for use in online advertising. (First Am. Compl. ¶ 11-12) LFOW's customers use the software to customize a "live spokesperson" to direct a website visitor's attention to particular products or aspects of the website. (First Am. Compl. ¶ 12) LFOW allegedly is a "leading developer" of this technology. (First Am. Compl. ¶ 11)

On January 10, 2014, LFOW filed a Complaint for copyright infringement pursuant to the U.S. Copyright Act, 15 U.S.C. § 501 *et. seq.*, against four defendants: 1) Emerson Cleaners, Inc.; 2) Green Technology Services; 3) Innovative Pain Management, LLC; and 4) Sunrise Go Go Club. (Dkt. No. 1)[1] LFOW seeks actual damages and any profits of the defendants' alleged use of its software, or to recover statutory damages of $150,000 for each work infringed. (First Am. Compl. ¶ 90) LFOW also seeks reasonable attorney's fees and costs, pursuant to 17 U.S.C. § 505.[2] (First Am. Compl. ¶ 91)

---

[1] Magistrate Judge Donio later entered an order severing the cases against each defendant, leaving LFOW as the only Defendant in this case.

[2] 17 U.S.C. § 505 (2012) provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or

The same day, LFOW also initiated a copyright infringement action in the Middle District of Florida against Tweople, Inc., a Florida corporation. *Live Face on Web, LLC v. Tweople, Inc.* No. 14-CV-00044 (M.D. Fl. Jan. 10, 2014). The Florida complaint also listed as defendants twenty of Tweople's allegedly infringing customers. *Id.*

Defendant Emerson filed the current motion requiring Plaintiff LFOW to post security in the amount of $50,000. LFOW timely opposed the motion, and Emerson filed a reply brief.

## II.

The Federal Rules of Civil Procedure do not address a plaintiff's obligations to post a bond for costs and expenses before proceeding with an action.

Absent a local rule[3] or statute[4] expressly requiring the posting of security, "the federal district courts have inherent

---

    against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

[3] *See, e.g.*, E.D.N.Y. and S.D.N.Y. Civ. R. 54.2 ("The [c]ourt, on motion or on its own initiative, may order any party to file an original bond for costs . . . ."); E.D.Pa. Civ. R. 54.1(a) (providing that the court may order security for costs for a non-resident plaintiff); W.D.Pa. L.Civ. R. 67.1(A) (same).

[4] *See, e.g.*, N.J.S.A. 14A:3-6.8 (stating that in any derivative proceeding where the shareholder holds less than 5% of the

power to require plaintiffs to post security for costs." *Simulnet East Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 572, 574 (9th Cir. 1994). *See also Hawes v. Club Ecuestre El Comandante*, 535 F.2d 140, 143 (1st Cir. 1976) (stating that it is within the court's inherent power to require a plaintiff to post security "when warranted by the circumstances of the case"). A District Court may, in its discretion, require a plaintiff to post security for costs in "certain exceptional cases." *McClure v. Borne Chem. Co.*, 292 F.2d 824, 835 (3d Cir. 1961).

The District of New Jersey does not have a local rule governing posting security for costs and expenses, nor does the statute under which LFOW seeks to recover, 17 U.S.C. § 501 *et seq.*, expressly require it. Thus, Emerson's motion to require LFOW to post security is a matter for the Court's discretion.

### III.

In exercising their discretion, courts outside of this district have applied a balancing test to determine whether a plaintiff should be required to post security. In a test

---

outstanding shares, unless the shares exceed $250,000 in market value, the corporation "shall be entitled at any time before final judgment to require the plaintiff . . . to give security for the reasonable expenses, including fees of attorneys, that may be incurred . . . .").

applied in the Southern District of New York[5] and referenced by the Second Circuit,[6] the following factors are considered in evaluating whether a party should be required to post a bond:

> (1) the financial condition and ability to pay of the party who would post the bond; (2) whether that party is a non-resident or foreign corporation; (3) the merits of the underlying claims; (4) the extent and scope of discovery; (5) the legal costs expected to be incurred; and (6) compliance with past court orders.

*RLS Assocs., LLC v. United Bank of Kuwait, PLC*, No. 01 Civ. 1290 (CSH), 2005 WL 578917 at *1 (S.D.N.Y. 2005) (citation omitted).[7]

The First and Ninth Circuits have also applied a similar factor test. *See Aggarwal v. Ponce Sch. of Med.*, 745 F.2d 723, 728 (1st Cir. 1984) (considering the probability of success on the merits, the background and purpose of the suit, and the reasonable extent of security to be posted, if any, viewed from

---

[5] While the district has a local rule governing the matter, the rule merely states that a court "*may* order" a party to file a bond.  It does not set forth a standard to apply when determining whether a bond should be required.  *See* S.D.N.Y. Civ. R. 54.2 (emphasis added).

[6] *See Selletti v. Carey*, 173 F.3d 104, 111 (2d Cir. 1999) (stating that the district court's consideration of the defendant's doubtful ability to recover costs, the questionable nature of the merits of the plaintiff's claims, and the plaintiff's prior violations of discovery orders were all relevant factors in the district court's decision to order security to be posted).

[7] *See also Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, No. 08 Civ. 01533 (BSJ) (JCF), 2010 WL 3452375 at *2 (S.D.N.Y. Sept. 1, 2010) (applying the test to determine whether a plaintiff should be required to file a bond for costs and attorneys' fees).

5

both the defendant's and nondomiciliary plaintiff's perspectives); *see also Simulnet East Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 576 (9th Cir. 1994) (citing *Aggarwal*).

Here, Emerson applies elements of the six-factor test adopted by the Southern District of New York in *RLS Assocs.*, and argues that LFOW should be required to post security for costs and expenses. Addressing the first prong of the test, Emerson asserts that the Court should require LFOW to post a bond for costs and expenses because LFOW's financial condition renders it unable to satisfy its obligations against twenty-five defendants. However, Emerson fails to set forth any evidence that LFOW would be unable to satisfy its financial obligations should Emerson prevail.

In evaluating whether security should be posted, a party's financial condition is often the weightiest factor in the analysis because the bond requirement's primary purpose is "to ensure that the prevailing party will be able to collect the costs and fees owed to it in situations where the other party is *unlikely* or *unwilling* to pay." *Gary Friedrich Enters.*, 2010 WL 3452375 at *2-3 (stating that a party's inability to pay may sometimes be sufficient in and of itself to warrant posting security); *see also Selletti*, 173 F.3d at 112 (stating that the primary purpose of requiring security is to ensure that the

party's assets will not become "dissipated" or "unreachable" by the time the costs should be awarded).

Thus, courts have typically required the posting of bond only when the defendant has made a showing that the plaintiff's financial condition is "sufficiently dire" to warrant it. *Gary Friedrich Enters.*, 2010 WL 3452375 at *3; *see also Beverly Hills Design Studio Inc. v. Morris*, 126 F.R.D. 33, 36 (S.D.N.Y. 1989) ("Cases requiring a security bond generally involve plaintiffs with *no* reachable assets.")(emphasis added); *Atlanta Shipping Corp. v. Chem. Bank*, 818 F.2d 240, 251-52 (2d Cir. 1987) (affirming the district court's decision ordering the plaintiff to post security when the plaintiff was a debtor in a bankruptcy proceeding and lacked liquid assets). Indeed, fairness concerns weigh heavily against ordering a bond in cases that do not elicit extreme financial circumstances. As the First Circuit has said, "toll-booths cannot be placed across the courthouse doors in a haphazard fashion." *Aggarwal*, 745 F.2d at 728.

Here, Emerson has failed to meet its burden to demonstrate that LFOW's financial state is sufficiently dire. LFOW alleges that it is a "leading developer" in its industry, with customers around the world. (First Am. Compl. ¶ 11) Unlike the bankrupt or insolvent plaintiffs in cases in which a bond was required, LFOW here asserts that it is solvent, and there are no facts presently before the Court suggesting that LFOW is, or will be,

7

unable to pay judgment costs and expenses. Indeed, Emerson even admits that it has "no basis to evaluate Plaintiff's solvency." (Reply Br. 2)

Furthermore, the costs that LFOW will be expected to pay at the termination of the suit are speculative. The crux of Emerson's argument is that LFOW has instituted a similar action against a total of twenty-five defendants, and thus is unlikely to be able to satisfy costs and attorney's fees under 17 U.S.C. § 505 should the defendants prevail. However, speculation as to the probability of a lawsuit's success – and a plaintiff's equally speculative resulting financial obligations[8] – is not sufficient grounds to require posting of a bond at this time.[9]

Because Emerson has put forth no evidence regarding LFOW's financial condition, and its claims concerning LFOW's judgment costs following this suit and the Florida suit are similarly speculative, Emerson fails to satisfy the first and most weighty element of the test to determine whether a party should be ordered to post security.

---

[8] The awarding of both costs and attorney's fees under 17 U.S.C. § 505 are matters for the Court's discretion, and Emerson is not automatically entitled to such fees, should it prevail. *See* 17 U.S.C. § 505 (2012) ("[T]he court *in its discretion* may allow recovery of full costs . . . .")(emphasis added).

[9] Even in a case where the defendant had "an understandable concern" as to the plaintiff's inability to pay eventual attorney's fees and costs when plaintiff admitted it "[did] not have that kind of money," the court denied defendant's motion for a bond. *RLS Assocs.*, 2005 WL 578917 at *2.

In light of this conclusion and the disposition of the instant motion, the Court need not consider Emerson's arguments regarding the merits of the case, the scope of discovery, and the anticipated costs of defending the action.  The Court will not require LFOW to post a bond at this time.  However, if circumstances sufficiently change, Emerson may make another motion for bond.

## IV.

Based on the foregoing, Defendant's motion for an order directing Plaintiff to post a bond will be denied without prejudice.  An appropriate Order accompanies this Opinion.


Date:   June 20, 2014


                                          _s/ Joseph E. Irenas_____
                                          JOSEPH E. IRENAS, S.U.S.D.J.